✏ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

_____  District of  _____DELAWARE_____

| UNITED STATES OF AMERICA | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| CHESTER J. LEWIS, III, | Case Number: 08-78-JJF |
| *Defendant* | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a  ☐ federal offense  ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence  X a preponderance of the evidence that

Based on the Indictment, the report of the Probation Office, and other information proffered to the Court during the detention hearing, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial. The Court further finds that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

the nature and circumstances of the offense: the Defendant is accused of being a felon in possession of a firearm in March 2008. According to the government, after Dover Police broke up a fight in which Defendant was involved at a restaurant, and after Dover Police had left the scene, Defendant took out a gun and showed it to another individual involved in the fight. An eyewitness saw Defendant with the gun and placed a 911 call. When Dover Police returned to the scene, they found Defendant in the passenger seat of a vehicle at the scene. When the police opened the passenger door to let Defendant out, he failed to comply with their directions and instead ran; it required a taser and other efforts by law enforcement to apprehend Defendant. The police located a firearm near the passenger seat of the vehicle in which Defendant had been sitting. The driver of the vehicle told officers that Defendant had possessed the gun.

the weight of the evidence: a grand jury found probable cause. The government's proffer indicates at least two individuals have stated that Defendant had a gun. There does not appear to be any dispute that the firearm recovered from the incident described above traveled in interstate commerce prior to Defendant's alleged possession or that Defendant has prior felony convictions.

AO 472 (Rev 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: Defendant has prior felony convictions for Possession with Intent to Deliver a Narcotic (2005) and Maintaining a Dwelling for Keeping Controlled Substances (2000). He also has convictions for Possession of Drug Paraphernalia (2003), Possession of Narcotic (2003), Carrying a Concealed Dangerous Instrument (1996), and two convictions for resisting arrest (1997 and 1998). He has six violations of probation, most recently in July 2007. Defendant has used marijuana and cocaine for much of his life but states that he has not done so since 2005. Defendant's employment history and prospects are limited by a wrist injury. Defendant is a lifelong resident of Dover and is welcome to return to his parents' residence, where his two children also reside.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: as a felon in possession of a firearm, who allegedly brought a firearm to the scene of a fight in which Defendant had partcipated, and with prior convictions relating to drug distribution, Defendant would pose a danger to the community if released.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| JUNE 2ND, 2008 | |
|---|---|
| Date | Signature of Judge |
| | Honorable Leonard P. Stark |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).